# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ANTHONY G. ATKINSON,        )
                            )
            Plaintiff,      )     Civil Action No. 3:04-604-MJP-BM
                            )
v.                          )
                            )
M. EDWARD SELLERS, BLUE     )     **REPORT AND RECOMMENDATION**
CROSS AND BLUE SHIELD of    )
SOUTH CAROLINA, AND         )
WILLIAM R. HORTON,          )
                            )
            Defendants.     )
_____)

This action was filed by the Plaintiff, pro se, asserting a claim for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as well as a state law claim for breach of contract. The named Defendants are Blue Cross and Blue Shield of South Carolina (Blue Cross), as well as two employees of that company, Edward Sellers and William Horton.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 3, 2004. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 8, 2004, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition, with attached

exhibits, on October 7, 2004, following which the Defendants filed a reply memorandum on October 15, 2004. The pro se Plaintiff then filed a response to the Defendants' reply memorandum on October 18, 2004. Defendants' motion is now before the Court for disposition.[1]

### **Background and Evidence** [2]

Plaintiff alleges in his verified Complaint[3], in toto , as follows:

> On December 20, 1999 Plaintiff a then employee of the Defendants, a Federal Government contractor, executed a "RESIGNATION, SEPARATION AGREEMENT AND RELEASE IN FULL" as final settlement to charges of egregious civil rights violation against Defendants under EXECUTIVE ORDER 11246 of September 24, 1965 and TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 as amended.
>
> The agreement which was fully executed by William R. Horton on behalf of Defendants and Plaintiff and his attorney Clifton Newman set forth equitable obligations, rights, duties and relief for Plaintiff and Defendant as mutually agreed upon between Plaintiff and Defendants as parties to a contract.
>
> Plaintiff is contending that Defendants by acts and omissions have violated the agreement of December 20, 1999 resulting in severe harm and loss to Plaintiff.
>
> Request made by hand delivered letters by Plaintiff upon Defendants to settle claim for damages arising from the violation of the agreement of December 20, 1999 as set forth in the said agreement have been met with calculated intransigence.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

Plaintiff seeks monetary damages, as well as enforcement of the alleged contract. See generally, Verified Complaint.

The evidence presented to this Court shows that Plaintiff was employed by the Defendant Blue Cross from June 1997 to February 2000. Plaintiff's Deposition, p. 20. In or around November 1999, Plaintiff initiated an internal grievance against Blue Cross alleging discrimination, and also made a verbal complaint to the Office of Federal Compliance and Programs (OFCCP). Plaintiff's Deposition, pp. 34-35, 84. It is undisputed that the parties reached a settlement of Plaintiff's claims, resulting in execution of a settlement agreement on December 20, 1999. See Plaintiff's Exhibit 7; Defendants' Exhibit 2; Plaintiff's Deposition, p. 84. Under this agreement, Plaintiff was paid a sum of money in exchange for his resignation from Blue Cross and a full release of all claims. The settlement agreement further provided that the parties were not to speak or act in a detrimental fashion toward each other, and Blue Cross agreed to provide a letter stating that Plaintiff resigned in good standing. Plaintiff's Exhibit 7, ¶ 7.

Plaintiff subsequently sought employment with the Governor of South Carolina, and pursuant to authorization from the Plaintiff, Blue Cross provided a favorable report concerning Plaintiff's work history and performance. Plaintiff was hired by the Governor's office in August 2000. Plaintiff's Deposition, pp. 23, 71-72, 103-104; Defendants' Exhibits 4 & 5. Plaintiff's employment with the Governor's office lasted through March 7, 2001; see Defendants' Exhibit 14; following which Plaintiff obtained a job with ING/Life of Georgia as an insurance agent. Plaintiff's Deposition, pp. 25-27. Plaintiff subsequently left ING/Life of Georgia in January 2003

3

to begin work with AIG/American General as an insurance agent. Plaintiff's Deposition, pp. 27-29.

In August 2003, Plaintiff began pursuing employment as an agent with State Farm Insurance Companies. Defendant's Exhibit 16. However, following a pre-employment investigation State Farm notified Plaintiff that he would not be considered further for a career with that company. See Defendants' Exhibit 7. Plaintiff apparently contends that State Farm's decision to reject his application was as a result of negative information received from Blue Cross.[4]

In this lawsuit, Plaintiff claims that he was discriminated against on the basis of his race, culture, and national origin while he was employed at Blue Cross, and that the subsequent breach of his contract was a continuation of the Defendants' discriminatory practices. Plaintiff's state law breach of contract action arises from Defendants' alleged "refusal to honor the provisions of the contract which is in and of itself a legally binding instrument." See generally, Plaintiff's Deposition, pp. 48-53; see also Defendants' Exhibit 3.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however,

---

[4] The undersigned says "apparently" because it is not exactly clear from the text of Plaintiff's verified Complaint that this is Plaintiff's contention. However, Plaintiff did clarify his claims at his deposition, as set forth hereinabove.

the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

# I.

## (Title VII Claim)

With respect to Plaintiff's Title VII claim, Defendants argue that Plaintiff's claim is procedurally barred from consideration by this Court because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. After review of the arguments and documentary evidence presented, the undersigned is constrained to agree.

In order to bring a lawsuit in United States District Court under Title VII, a plaintiff is first required to properly exhaust his or her administrative remedies. Specifically, Title VII requires that a claimant file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", the claimant's filing deadline is extended to three  hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

5

It is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. Therefore, Plaintiff had three hundred (300) days to file his administrative charge, and a failure by the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967).

Plaintiff conceded at his deposition that he had never filed a charge of discrimination against the Defendant Blue Cross. Plaintiff's Deposition, p. 46.[5] Further, in his memorandum in opposition to summary judgment, as well as in his response to the Defendants' reply memorandum, Plaintiff does not argue or contend that he ever exhausted his administrative remedies by filing an administrative charge with either SCHAC or the EEOC. While Plaintiff does make some reference to the Defendants' alleged current conduct being tied or related back to the conduct he alleges they engaged in when he was employed at Blue Cross, even if Plaintiff is attempting to argue that his claim should be viable under some type of "continuing violation" theory, the fact remains that Plaintiff has still presented no evidence, or even argument, to show that he ever satisfied his administrative requirements prior to bringing his Title VII claim in this lawsuit.

The Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be

---

[5] Plaintiff's Title VII claim would only be viable against the Defendant Blue Cross. Individual employees of an entity subject to suit under Title VII are not liable in their individual capacities for Title VII violations. Therefore, the Defendants Sellers and Horton could not be included as party Defendants under this cause of action even if Plaintiff's Title VII claim were properly before this Court. See Lissau v. Southern Foods Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998).

6

disregarded by courts out of a vague sympathy for particular litigants." Polsby v. Chase, 970 F.2d 1360, 1364 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993), citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984); see Poteat v. Mack Trucks Inc., No. 96-1437 1997 WL 33117, \*\*4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Based on the undisputed evidence before this Court, Plaintiff failed to satisfy his administrative requirements prior to bringing this lawsuit. Therefore, in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to recommend that the Defendants' motion with respect to Plaintiff's Title VII claim be granted, and that this claim be dismissed.

## II.

### (Breach of Contract Claim)

Plaintiff's state law breach of contract claim is based on his argument that the terms of the settlement agreement reached between the parties have been violated by the Defendants in a variety of ways. Defendants assert that some of these claims are barred by the applicable state statute of limitations, while other claims of alleged breaches of this settlement agreement fail on the merits.

As both Plaintiff and the Defendants are South Carolina residents for purposes of this lawsuit; see Defendants' Answers to Court Ordered Interrogatories filed March 25, 2004, ¶ (C); Pro se Party's Answers to Rule 26.01 Interrogatories filed February 27, 2004, ¶ (C); there is no basis for diversity jurisdiction in this Court for Plaintiff's state law breach of contract claim. Therefore, if the District Court adopts the recommendation made herein with regard to Plaintiff's federal claim, Plaintiff's pendant state law breach of contract claim will be the only claim

remaining in this lawsuit. When federal claims presented in a case originally filed in federal court are dismissed, any remaining state law claims should also be dismissed, without prejudice, for resolution in state court under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). Dismissal of this remaining state law cause of action will not only allow the more appropriate court to rule on this exclusively state law claim and the issues raised by Defendants in their motion, but will not prejudice the parties, as the claim has already been briefed and is ready for resolution, and the parties may seek a fast track for resolution of this claim at the state level. See Rule 40(c), S.C.R.Civ.P.  Additionally, if summary judgment were to be denied, it would be more appropriate for this claim to be tried by the state courts.

Finally, this Court is not required to retain supplemental jurisdiction over this remaining state law claim on the ground that the state statute of limitations for bringing this claim may have now expired (assuming this were to be the case). Federal law provides for tolling of state statutes of limitations for state claims during the period they were pending in federal court and for thirty (30) days afterwards. See 28 U.S.C.A. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, et al., 204 F.3d 109, 123-124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"]; Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment with respect to Plaintiff's Title VII claim be **granted**, and that this claim be **dismissed.** It is further recommended that Plaintiff's remaining state law breach of contract claim be **dismissed**, **without prejudice**. This will allow Plaintiff to pursue his breach of contract claim in state court, if he so desires.

The parties are referred to the Notice Page attached hereto**.**

                                            s/ BRISTOW MARCHANT
                                               Bristow Marchant
                                               United States Magistrate Judge

Columbia, South Carolina

April 25, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201